IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE  DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:10-296-HMH |
| vs. | ) | |
| | ) | |
| Zaire Flournoy, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Zaire Flournoy's ("Flournoy") motion requesting prior custody credit toward his sentence in the instant case.  After a thorough review of the facts and pertinent law, the court denies Flournoy's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2011, Flournoy pled guilty pursuant to a plea agreement to conspiracy to launder drug proceeds in violation of 18 U.S.C. § 371.  On July 26, 2011, Flournoy was sentenced to 60 months' imprisonment.  On June 4, 2007, Flournoy was convicted in the United States District Court for the District of New Jersey of misprison of a felony and served "approximately 10 months[']" imprisonment on that conviction.  (PSR ¶ 42); (Flournoy Mot. 1, ECF No. 787.)  Flournoy finished serving his sentence in New Jersey several years before he was charged in the instant case.  Flournoy argues that he is entitled to receive prior custody credit toward his sentence for the 10 months he served on his 2007 New Jersey conviction for misprison of a felony pursuant to 18 U.S.C. § 3585(b).

When a court imposes a federal criminal sentence, the Bureau of Prisons ("BOP") is responsible for computing the inmate's term of imprisonment.  United States v. Wilson, 503 U.S. 329, 335 (1992) (recognizing that the United States Attorney General has delegated this authority

to the BOP).  Calculation of a federal sentence is governed by § 3585 and requires that the BOP

(1) ascertain the date on which the federal sentence commences and (2) determine the extent to

which the inmate may receive credit for time spent in custody prior to the commencement of the

sentence.  United States v. Labeille-Soto, 163 F.3d 93, 98-99 (2d Cir. 1998).  Pursuant to

§ 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence

prior to the date of its imposition and until the defendant is in federal custody.  United States v.

Evans, 159 F.3d 908, 911 (4th Cir. 1998); Labeille-Soto, 163 F.3d at 98.  The controlling law

regarding the application of prior custody credits is set forth in § 3585(b), which provides as

follows:

> A defendant shall be given credit toward the service of a term of imprisonment for
> any time he has spent in official detention prior to the date the sentence
> commences--
> (1) as a result of the offense for which the sentence was imposed; or (2) as a result
> of any other charge for which the defendant was arrested after the commission of
> the offense for which the sentence was imposed; that *has not been credited against
> another sentence.*

(Emphasis added.)  More specifically, "[a] defendant may not receive credit against his federal

sentence for time spent in . . . custody prior to the date the federal sentence commences if that

time has been credited against another sentence."  Beard v. Bureau of Prisons, No. 97-7514, 1998

WL 25047, at *1 (4th Cir. Jan. 22, 1998) (unpublished); United States v.  Goulden, No. 94-5389,

1995 WL 298086, at *2 n.3 (4th Cir. May 17, 1995) (unpublished) ("[C]redit is only available for

time spent in custody which has not been credited against another sentence."); United States v.

Brown, No. 91-5877, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (unpublished) ("[A]

defendant may receive credit against his federal sentence for time spent in official detention prior

to the date his sentence commences unless it has been credited against another sentence.").

Flournoy received credit toward his 2007 New Jersey conviction for the time spent in custody prior to the date his federal sentence commenced in the instant case. Therefore, Flournoy cannot receive credit toward his federal sentence in the instant case for this time.

It is therefore

**ORDERED** that Flournoy's motion requesting prior custody credit, docket number 787, is denied.

**IT IS SO ORDERED**.


                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
June 12, 2013


**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.